IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**PATRICK ANDREW DONALD,**

      **Petitioner,**

v.                                                                                    Case No. 5:21-cv-00538

**D. L. YOUNG,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are the *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Patrick Andrew Donald ("Donald"), (ECF No. 1), and Respondent's request that the petition be dismissed, (ECF No. 12). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Donald clearly is not entitled to the relief requested; therefore, the undersigned **RECOMMENDS** that the § 2241 petition, (ECF No. 1), be **DENIED**; that Respondent's request for dismissal, (ECF No. 12), be **GRANTED**; and this matter be **DISMISSED** and removed from the docket of the Court.

I.    **Factual and Procedural Background**

Donald filed the instant petition for a writ of habeas corpus on September 21, 2021, while incarcerated in Federal Correctional Institution, Beckley ("FCI Beckley"), a Federal

1

Bureau of Prisons ("BOP") facility located at Beaver, West Virginia. (ECF No. 1). In his petition, Donald challenges the BOP's decision to place him in a residential reentry center ("RRC") for three months as opposed to the nine months allowed by the Second Chance Act. (*Id.* at 1). He claims the BOP did not properly evaluate him for RRC placement because the decision to allow him only three months in RRC did not account for his lack of residence, employment, or support system, and that the BOP abused its discretion because it relied on "impermissible limitations." (*Id.* at 1–3). He asks the Court to "resubmit [him] for RRC placement for at least 9 months." (*Id.* at 3).

On September 23, 2021, Donald filed another document called "28 USC § 2241 Motion" asking to be granted additional time in an RRC on the same basis as his original petition and referencing a "motion for limited and expedited discovery from Respondent." (ECF No. 5 at 1). On September 24, 2021, Donald filed an addendum to his petition, clarifying that he does not have a release address in the Eastern District of Kentucky as his family member who lived there passed away. (ECF No. 7). He posits that the case manager assigned to evaluate him for RRC placement failed to properly consider his circumstances as evinced by this error. (*Id.* at 1–2).

Respondent filed a response to Donald's petition on October 20, 2021. (ECF No. 12). Respondent argues that Donald's petition should be dismissed because Donald has failed to exhaust his administrative remedies and the BOP has already reviewed Donald for placement in an RRC. (*Id.* at 2, 4). Respondent contends that exhaustion of administrative remedies is important in this case because the failure to do so prevents the full review of Donald's claim by the Regional and Central Offices and deprives this Court of an administrative record on which it can judge the BOP's decision. (*Id.* at 3–4). He claims that Donald filed an administrative remedy seeking more RRC time around the

2

time that he filed his § 2241 petition but it was rejected because he failed to follow other procedural requirements and never attempted to refile the remedy. (*Id.*). Respondent additionally notes that Donald has no protected liberty interest in RRC placement. (*Id.* at 4). Furthermore, Respondent asserts, the Court's review is limited to ensuring that the BOP has satisfied its responsibility by assessing Donald for placement based on the five factors in 18 U.S.C. § 3621(b). (*Id.* 4–5). He contends that Donald was properly evaluated using the factors and the BOP determined that he could receive a maximum of three months in an RRC. (*Id.* at 6).

Donald replied on October 28, 2021. (ECF No. 14). He asks the Court to excuse his failure to exhaust his administrative remedies because, while he attempted to correct the procedural issue that prompted the denial of his administrative remedy, he has received no response and the letters he sent to the Central Office have garnered no relief. (*Id.* at 1–2). He also provides that Respondent declined to address his BP-9 because of the warden's forthcoming departure from the facility, and that Respondent said he would deny Donald's grievance in any event because Donald "is on violation." (*Id.* at 1). He also disputes Respondent's portrayal of the Court's power to order the BOP to allow him more RRC time, arguing that federal courts have the "discretion" to order the BOP to reconsider the length of his RRC placement. (*Id.* at 2). He points out that some of the biographical information used by the BOP to render its decision is incorrect, and he reiterates his position that a longer RRC placement would afford him a greater likelihood of successful reentry. (*Id.* at 3–5).

II. **Standard of Review**

Although Respondent does not identify the rule under which the request for dismissal is brought, given the stage of the proceedings and nature of the arguments

3

presented, it is best understood as a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because Respondent filed a response concurrently with the request for dismissal, the motion should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). Respondent makes two arguments: one asserting a lack of jurisdiction and one claiming that Donald fails to state a claim for which relief may be given. A Rule 12(c) motion asserting a lack of jurisdiction applies the same standard of review used for a motion under Rule 12(b)(1), while a failure to state a claim is analyzed using the standard of review for Rule 12(b)(6) motions. *See Humphrey v. Glob. Equity Lending, Inc.*, No. 2:08CV68, 2008 WL 5262769, at *3 (E.D. Va. Dec. 17, 2008).

A motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend—as in this case—that a pleading "simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the petitioner the same procedural protection she would receive under Rule 12(b)(6). *Id.* Second, the movant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712,

719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion under Rule 12(b)(6) addresses whether the plaintiff's complaint includes sufficient factual allegations to state a claim upon which relief may be granted. A complaint fails to state a claim when, viewing the factual allegations as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679. Determining whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–158 (2nd Cir. 2007)). In deciding a Rule 12(b)(6) motion, the court must accept as true all of the factual allegations contained in the petition. *Erickson v. Pardus*, 551 U.S. 89 (2007). Nonetheless, the court is not required to accept the legitimacy of legal conclusions. *Iqbal*, 556 U.S. at 678. To survive a motion to dismiss, a petition must plead both a factual and legal basis for relief. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to establish a facially plausible complaint).

### III. <u>Discussion</u>

#### *A. Failure to Exhaust Administrative Remedies*

Respondent and Donald agree that Donald has not exhausted administrative remedies regarding his request to be allowed more time in an RRC. Donald suggests that the exhaustion requirement should be waived because he attempted to exhaust his remedies but heard no response, and Respondent personally told him that he would not grant Donald's request because he is "on violation." (ECF No. 14 at 1). Respondent contends, however, that exhaustion is necessary as Donald's failure to pursue administrative remedies has left this Court with an underdeveloped record on which to assess Donald's claim. (ECF No. 12 at 3–4).

The law is clear that an inmate should exhaust administrative remedies before filing a § 2241 petition in federal court. *Boumediene v. Bush*, 553 U.S. 723, 782 (2008). Nevertheless, "because exhaustion requirements for filing pursuant to § 2241 are judicially imposed, this Court has discretion to waive exhaustion in certain circumstances and proceed to the merits of petitioner's claim." *Myers v. Williams*, No. 2:15-CV-49, 2015 WL 9304550, at *4 (N.D.W. Va. Dec. 21, 2015) (citing *LaRue v. Adams*, No. 1:04-0396, 2006 WL 1674487, at *8 (S.D.W. Va. Jun. 12, 2006)). The court may, in its discretion, waive exhaustion "where a petitioner demonstrates futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." *Wright v. Warden*, Civil Action RDB–10–671, 2010 WL 1258181, * 1 (D. Md. Mar. 24, 2010) (refusing to excuse the exhaustion requirement when inmate sought maximum placement in an RRC).

In this case, Donald has not demonstrated any of the above circumstances. While he claims that his attempts to utilize the administrative remedy process after correcting a procedural issue went unanswered, (ECF No. 14 at 1), the record shows that he first filed an administrative remedy about the RRC issue on September 24, 2021, and it was rejected the same day. (ECF No. 12-1 at 11). Given that Donald filed his petition on September 21, 2021, it is obvious that the BOP's refusal to answer his grievance had no influence on his failure to exhaust his administrative remedies. "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004).

As to Donald's remark that Respondent personally informed him that he would deny Donald's BP-9 because Donald was "on violation," (ECF No. 14 at 1), such an allegation does not provide a basis for the conclusion that *all* levels of the administrative remedy process were sure to refuse him relief. Aside from Donald's contention about Respondent's position on the matter, there is no indication from the record that the administrative remedy process is inadequate to address Donald's claim. *Thetford Props. IV Ltd. P'ship v. U.S. Dep't of Hous. & Urban Dev.*, 907 F.2d 445, 450 (4th Cir. 1990) ("[A] litigant's prognostication that he is likely to fail before an agency is not a sufficient reason to excuse the lack of exhaustion.").

Accordingly, the undersigned **FINDS** that Donald failed to exhaust his administrative remedies, and this failure should not be excused. On the basis of his failure to exhaust alone, Donald's petition should be dismissed. However, Respondent has proceeded to consider the merits of Donald's claims, and the Court **FINDS** that it is able to assess the merits based on the record available.

### B.     *Designation to an RRC*

At the outset, the undersigned notes that Donald does not possess a liberty interest in designation to an RRC for any portion of his sentence. *See LaRue v. Adams*, No. 1:04-0396, 2006 WL 1674487, at *16 (S.D.W. Va. Jun. 12, 2006); *Olim v. Wakinekona*, 461 U.S. 238, 244 (1983). Pursuant to 18 U.S.C. § 3621(b), the BOP considers five factors when determining an inmate's place of imprisonment. The factors identified in § 3621(b) are as follows:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence—
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Title 18 U.S.C. § 3624(c) grants the BOP authority to transfer inmates to pre-release custody, which allows a prisoner to serve a portion of his sentence in the community, such as home confinement or a halfway house. Section 3624(c)(1) governs pre-release placements. As amended by the Second Chance Act of 2007, Section 3624(c) provides as follows:

> (1) In general. – The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

In determining an inmate's placement in a halfway house or home confinement, the BOP is required to consider the five statutory factors. *See Syrek v. Phillips*, 2008 WL 4335494, *2 (N.D.W. Va. Sep. 17, 2008) (finding that "the BOP must consider the § 3621(b) statutory factors" and "cannot rely upon a categorical formula to determine the length of an inmate's [halfway house] placement"). However, the fact that the BOP "may assign a prisoner to a [halfway house] does not mean that it must." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005). The record shows that the BOP considered the five factors from § 3621(b) in Donald's reentry plan and recommended he receive a maximum of 90 days in an RRC. (ECF No. 12-1 at 13–14, 18). This Court lacks the statutory authority to judge the correctness or propriety of the BOP's decision. *See Specter v. Director Federal Bureau of Prisons*, 2010 WL 883733, *5 (D.S.C. Mar. 5, 2010) (explaining that "an inmate presents a valid claim only if he is denied individual consideration based on § 3621(b) factors"); *Garrison v. Stansberry*, 2009 WL 1160115, *5 (E.D.Va. April 29, 2009) (finding that "the Court lacks the authority to direct the BOP to consider specific characteristics for each prisoner who is reviewed for [halfway house] placement; the Court is limited to asking whether the BOP used the five factors and cannot engage in a review of the substantive merits or thoroughness of the BOP's analysis").

Furthermore, as Respondent notes, while the First Step Act provides criteria for the BOP to consider when designating an inmate to a place of imprisonment, it also states unequivocally that the BOP's designation is not subject to judicial review. 18 U.S.C. 3621(b). This Court accordingly has no authority to consider the BOP's decision on the length of Donald's time in an RRC when the BOP rendered its decision based on the factors committed to its discretion. *In re Rice*, 33 F. App'x 108 (4th Cir. 2002) (holding that the BOP's discretionary power to designate an inmate's location is plenary and a

court order that the BOP transfer him from one federal prison to another was unavailable). As such, the undersigned **FINDS** that the BOP appropriately considered Donald for designation to an RRC and further **FINDS** that his petition on this basis should be dismissed, with prejudice.

### IV. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **RECOMMENDS** that the § 2241 petition, (ECF No. 1), be **DENIED**; that Respondent's request for dismissal, (ECF No. 12), be **GRANTED**; and that this matter be **DISMISSED** and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727

F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** April 18, 2022

Cheryl A. Eifert
United States Magistrate Judge